■ ASSOCIATION OF MILK DEALERS OF METROPOLITAN NEW YORK, INC., et al., Appellants, v. CITY OF NEW YORK, Respondent.— Motion for a stay dismissed, having become academic by virtue of the decision of this court. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

## (September 20, 1960)

■ ERROLL ENTERPRISES, INC., et al., Respondents, v. COLUMBIA RECORDS, A DIVISION OF COLUMBIA BROADCASTING SYSTEM, INC., Appellant.— Order, dated July 19, 1960, granting plaintiffs' motion for a temporary injunction, reversed, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion denied, with $10 costs. Plaintiffs have not demonstrated a clear and undisputed right to injunctive relief. The alleged breach of contract is disputed and plaintiffs failed to establish irreparable damage. Specific performance is the relief sought in the action and thus plaintiffs indicate an affirmance of the contract. On the completion of all pretrial proceedings and upon the payment of proper fees, either party may apply for a trial preference of this cause. Concur — Botein, P. J., Rabin and McNally, JJ.; Breitel and Valente, JJ., dissent and vote to affirm in the following memorandum by Breitel, J. I dissent on the ground that the issues in this case raise questions concerning the ownership of recordings and, in consequence, it is not material that the economic injury may be compensable in damages. Beyond this, moreover, irreparable injury may be done to a performing artist in a dispute of this nature with his record-maker. The kind of relationship he has with his record-maker may be vital to the career of an individual artist, especially one who functions in a popular field. Thus, so long as there is dispute with respect to the contract between the parties here plaintiff may suffer irreparable injury in the making and distribution of recordings, or in the lack of opportunity to make and have distributed such recordings, or in the manner in which such distribution is handled. On the other hand, the record-maker, large as it is, by reason of the temporary injunction, may suffer only a diminution of a small fraction of its revenue. The injunction having remained throughout the Summer, there is no substantial reason why it may not remain a little longer until the action may be brought to early trial. The temporary injunction should be retained, and an early trial directed.

Appeal from order, dated July 19, 1960, denying reargument unanimously dismissed, with $20 costs and disbursements of this appeal to the respondents. (*Weintraub* v. *Park Motor Sales*, 7 A D 2d 901.) Motion for a stay dismissed, having become academic by virtue of the decision herein.